IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANTOS CUEVAS,

    Petitioner,

v.

BRANDON KELLY, Superintendent,

    Respondent.

Case No. 6:18-cv-01973-JR

ORDER

HERNÁNDEZ, Judge.

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*. Currently before the Court are Petitioner's "Motion to Show Cause, Motion to Vacate Judgment-Oregon Supreme Court" (ECF No. 17) and "Emergency Motion for Sentencing Injunction for State Non-Compliance to Avoid Further Fraud on the Court and Department of Justice" (ECF No. 18), which the Court construes as requests for preliminary injunction. For the reasons that follow, the Court DENIES Petitioner's Motions.

Once again, Petitioner's motions are not models of clarity. In both motions, however, Petitioner appears to seek preliminary injunction prohibiting the Oregon Department of Justice from seeking and/or imposing sentence enhancements based on prior convictions.

Parties seeking injunctive relief must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. <u>Winter v. Natural Res. Def. Council,</u>

1 - ORDER

Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has set forth a "serious questions" variation of this standard, under which "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012). Under either framing, preliminary injunctive relief is "'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Lopez, 680 F.3d at 1072 (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)). To fulfill the "irreparable harm" requirement, the moving party "must do more than merely allege imminent harm," but "must demonstrate immediate threatened injury." Associated Gen. Contractors of California, Inc. v. Coal. for Econ. Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

Petitioner's current motions do not satisfy the requirements for entry of a preliminary injunction. Petitioner does not demonstrate a likelihood that he will suffer irreparable harm in the absence of preliminary relief prohibiting sentence enhancements based upon prior convictions; to the extent Petitioner's habeas corpus challenge to his current conviction and sentence is based upon such an argument, the Court notes that this habeas case is proceeding apace, with Respondent's Answer and Response currently due on February 4, 2019. Once Respondent's Answer and Response are filed, Petitioner will have ample opportunity to properly present his legal arguments to the Court. Moreover, the "Department of Justice" is not the respondent in this action, and Petitioner cannot establish a likelihood that he will prevail on the merits of a claim seeking to enjoin action by the Department of Justice. Finally, Petitioner has not established that the balance of equities tips in his favor or that an injunction is in the public interest.

2 - ORDER

The Court notes that in the space of five weeks, Petitioner has filed four "motions" seeking immediate relief. The Court is cognizant of Petitioner's *pro se* status and the Court's duty to liberally construe Petitioner's filings and afford Petitioner the benefit of the doubt. See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). The Court advises Petitioner, however, to review the Habeas Corpus Scheduling Order (ECF No. 8) issued by Magistrate Judge Jolie A. Russo on December 4, 2018, for guidance on properly presenting his legal arguments in support of his Petition, and to adhere thereto. See, e.g., McCracken v. Wells Fargo Bank NA, 2017 WL 6209178, at *2 (N.D. Cal. May 6, 2017) ("[n]o litigant–represented or *pro se*–is entitled to abuse the court's resources . . . [and plaintiff] must read the court's orders carefully and shape her filings accordingly" as plaintiff will eventually face sanctions if plaintiff "continues to file disjointed 'emergency' motions that do not cogently move this case forward").

## CONCLUSION

For these reasons, the Court DENIES Petitioner's "Motion to Show Cause, Motion to Vacate Judgment-Oregon Supreme Court" (ECF No. 17) and "Emergency Motion for Sentencing Injunction for State Non-Compliance to Avoid Further Fraud on the Court and Department of Justice" (ECF No. 18).

IT IS SO ORDERED.

DATED this 28 day of January, 2019.

*Marco Hernández*
Marco A. Hernández
United States District Judge

3 - ORDER