IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SANTOS CUEVAS,<br><br>Petitioner,<br><br>v.<br><br>BRANDON KELLY,<br><br>Respondent. | Civil No. 6:18-cv-01973<br><br>OPINION AND ORDER ON PETITIONER'S MOTIONS TO RECUSE MAGISTRATE JUDGE JOLIE RUSSO AND FOR INJUNCTIVE RELIEF |

Plaintiff Santos Cuevas moves to recuse Magistrate Judge Jolie Russo [47 and 60] and also moves for "immediate pre-injunctive relief. [60]. For the reasons given below, I deny Mr. Cuevas's Motions.

## LEGAL STANDARD

The standard for recusal under 28 U.S.C. § 144 and § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *U. S. v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983); *U.S. v. McTierman*, 695 F.3d 882, 891 (9th Cir. 2012). The standard requires recusal if a reasonable third-party observer would perceive a "significant risk" that the judge would resolve the case on a basis other than the merits. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "The reasonable person in this context means a well-informed, thoughtful observer, as

1- Opinion and Order on Petitioner's Motions to Recuse

opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court for the Central Dist. of Nevada*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotations and citations omitted). The goal is to avoid "even the appearance of partiality." *Liljeberg*, 486 U.S. at 860. Generally, "questions about a judge's impartiality must stem from 'extrajudicial factors,'... that is, from sources other than the judicial proceeding at hand. *Clemens*, 428 U.S. at 1178 (internal citations omitted).

## DISCUSSION

Mr. Cuevas appears to seek to recuse Judge Russo because "this court denied preliminary injunctive relief that would meet the Interest of the Public." [47 at 1]. He cites a class action lawsuit that he intends to file against Judge Russo, among others, as a basis for recusal. Finally, he appears to allege that recusal is warranted because Judge Russo has conspired to violate his civil rights and to obstruct justice. [60 at 2]. Even if Judge Russo[1] had denied the request for preliminary injunctive relief, this would not warrant her recusal. Generally, a judge's actions in a case cannot raise questions about her impartiality. *Clemens*, 428 U.S. at 1178 (internal citations omitted). Moreover, Mr. Cuevas makes only conclusory, general statements about Judge Russo's alleged bias. No reasonable third-party observer would perceive any risk, much less a "significant risk" that Judge Russo would resolve this habeas action on any basis other than the merits. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Accordingly, I deny the Motions to recuse Judge Russo.

I also deny Mr. Cuevas's request for "immediate pre-injunctive relief." Mr. Cuevas's Motion does not clearly specify what injunctive relief. He, therefore, cannot establish a high likelihood of success on the merits.

---

[1] Judge Hernandez, not Judge Russo, denied Mr. Cuevas's motion for injunctive relief. [16].

2- Opinion and Order on Petitioner's Motions to Recuse

## CONCLUSION

Carefully considering Ms. Cuevas's Motions and drawing all inferences in his favor, I find the record shows no appearance of partiality. I, therefore, DENY Mr. Cuevas's Motions [47 and 60] to recuse Judge Russo and for "immediate pre-injunctive relief."

DATED this 18 day of June, 2019.

_____
MICHAEL W. MOSMAN
Chief United States District Judge

3- Opinion and Order on Petitioner's Motions to Recuse